JTM/MHF: USAO#2019R00792

*kwk* 09.22.2021

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 SEP 22  PM 4: 48

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. SAG-20-0196** |
| | * | |
| v. | * | **(Conspiracy to Commit Bank Fraud, 18** |
| | * | **U.S.C. § 1349; Bank Fraud, 18 U.S.C. §** |
| **EMRAAN AKBER** | * | **1344; Aiding and Abetting, 18 U.S.C. § 2;** |
| **a/k/a "Mani," a/k/a "Sonny Awan,"** | * | **Forfeiture)** |
| **a/k/a "Emraan Malik,"** | * | |
| **a/k/a "Imran Akber,"** | * | |
| **MAHINDERPAL DHALIWAL,** | * | |
| **a/k/a "Paul Dhaliwal,"** | * | |
| **DOGAR SINGH,** | * | |
| **a/k/a "Chacha," and** | * | |
| **REHAN AFRIDI,** | * | |

**Defendants.**

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Superseding Indictment:

### Introduction

1.      **EMRAAN AKBER ("AKBER")** born in 1976, is a naturalized United States citizen, and a resident of Catonsville, Maryland, and Hicksville, New York.

2.      **MAHINDERPAL DHALIWAL ("DHALIWAL")** born in 1952, is a United States citizen, and a resident of West Monroe, Louisiana.

3.      **DOGAR SINGH ("SINGH")** born in 1953, is a citizen of India, a lawful permanent resident of the United States, and a resident of Carteret, New Jersey.

4.      **REHAN AFRIDI ("AFRIDI")** born in 1984, is a United States citizen, and a

resident of West Deptford, New Jersey.

## Registered Businesses/Corporate Structure

5.     On or about January 17, 2019, Madinafoods, LLC, was incorporated in Maryland and registered to **DHALIWAL**.  On or about January 23, 2019, Madinaa Foods, LLC, was incorporated in Maryland.  The registered address for the business was 1808 Woodlawn Drive, Gwynn Oak, Maryland.  The business at 1808 Woodlawn Drive, Gwynn Oak, Maryland, Suites B and C, by signage is identified as BBQ Tonite.

6.     In or about January of 2019, **AKBER** leased suites B and C at 1808 Woodlawn Drive, Gwynn Oak, Maryland.  On or about January 23, 2019, the primary contact number for the BG&E account associated with suites B and C at 1808 Woodlawn Drive, Gwynn Oak, Maryland, in the name of Al Madina Foods LLC since 2013, changed to 631-XXX-2480, a phone number associated with **AKBER**.

7.     On March 29, 2019, **DHALIWAL** opened BB&T accounts ending in 7155, 7163, and 7147 in the name of Madinafoods LLC, address of 1808 Woodlawn Drive, Gwynn Oak, MD, at the BB&T Branch in Owings Mills, MD.  Each of the accounts were funded with $100 deposits.

8.     On or about April 3, 2019, Malix BBQ LLC was registered with the Maryland Department of Assessments and Taxation under department ID W19557115.  The address was listed as 1808 Woodlawn Drive, Unit B, Gwynn Oak, MD.  TD Bank accounts ending in 5251, 5243, and 5300, and Bank of America accounts ending in 1874 and 1887 were opened in August and November 2019, respectively, in the name of Malix BBQ LLC and bearing the signature of **AKBER**.  Account opening paperwork indicates that the purpose of the business was "restaurant services".  Malix BBQ LLC was registered with the New York Department of Assessments and Taxation on August 1, 2019 under DOS 5595247.  The registered agent in both the Maryland and

New York paperwork was identified as **AKBER**.

### First Data/Fiserv and Merchant Al Madina Kabob Restaurant DBA Madinaa Foods, LLC

9.     Fiserv is a company headquartered in Wisconsin that provides financial services, including payment processing, for its clients.

10.     Between January and March 2019, three merchant accounts (XXXXXXXX5888, XXXXXXXX0880, and XXXXXXXXXXX1536) (the "merchant accounts") were established with Fiserv.  Each of the merchant accounts reflected a physical location of 1808 Woodlawn Drive, Suites B and C, Gwynn Oak, MD, and each of the accounts was under two DBA names: BBQ Tonite and Al Madina Kabob.   These three merchant accounts were linked to two Suntrust Bank Accounts (ending 7806 and 7772), and one Bank of America Bank Account (ending 1633).

### TSYS and Merchant Al Madina Kabob/BBQ Tonite

11.     TSYS is a company headquartered in Lawrenceville, Georgia, that provides financial services, including payment processing for its clients.

12.     On March 19, 2019, three Wells Fargo bank accounts were opened by **DHALIWAL** in the name of Madina Foods LLC at a Wells Fargo branch in Baltimore.

13.     On June 30, 2019, **DHALIWAL** applied for a POS terminal through TSYS in the name of Madina Foods LLC, doing business as BBQ Tonite.   The account was linked to the three Wells Fargo bank accounts.

### The Bank Victims

14.     The Bank Victims include, but are not limited to: TD Bank; BB&T Bank; PNC Bank; Fifth Third Bank; Bank of America; Suntrust Bank; Capital One Bank; and Wells Fargo. Each of these banks are financial institutions as those terms are used in Title 18, United States Code, Section 1344 and defined in Title 18, United States Code, Section 20.

## The Conspiracy and the Scheme to Defraud

15.     Beginning in or about April of 2019 and continuing until in or about September of 2019, in the District of Maryland and elsewhere, the defendants,

**EMRAAN AKBER**
**a/k/a "Mani, a/k/a "Sonny Awan,"**
**a/k/a "Emraan Malik,"**
**a/k/a "Imran Akber,"**
**MAHINDERPAL DHALIWAL,**
**a/k/a "Paul Dhaliwal,"**
**DOGAR SINGH,**
**a/k/a "Chacha," and**
**REHAN AFRIDI,**

knowingly and willfully, conspired and agreed together and with others known and unknown to the Grand Jury to commit any offense under chapter 63 of Title 18, United States Code, namely: to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

## BACKGROUND

### Fiserv Transactions

16.     Through the three Fiserv merchant accounts established under two DBA names: BBQ Tonite and Al Madina Kabob, Fiserv facilitated credit card payments at a point of sale (POS) terminal at the physical location of 1808 Woodlawn Drive, Suites B and C, Gwynn Oak, Maryland. Typically, merchants issue refund credits to credit or debit cards that were previously used to make a purchase at that POS terminal for an original, equivalent transaction.  However, BBQ Tonite and Al Madina Kabob utilized fictitious or recycled authorization codes to bypass this standard

4

authorization process and force through refund credits to the recipient card and their associated account. These refund credits were considered "naked," in that they did not require an original, offsetting transaction by that card at that POS terminal to issue the credit.

17.     The refund credits processed in this way during the relevant time frame became immediately available in the recipient bank account prior to being verified by the POS network, thus temporarily increasing the amount of available money associated with the account before the refund could be fully processed.

## TSYS Transactions

18.     Through the TSYS merchant account established under the name Madina Foods LLC, doing business as BBQ Tonite, TSYS facilitated credit card payments. A valid authorization is required to authenticate such transactions. However, Madina Foods LLC, doing business as BBQ Tonite, utilized invalid authorization codes or the credit card used to process the transaction was later determined to be invalid. In this manner, the merchant account Madina Foods LLC, doing business as BBQ Tonite, was able to process unauthorized and fraudulent refund credits.

19.     The refund credits processed in this way during the relevant time frame became immediately available in the recipient bank account prior to being verified by the POS network, thus temporarily increasing the amount of available money associated with the account before the refund could be fully processed.

## The Shell Companies and TD Bank Accounts

20.     On April 1, 2019, **SINGH** opened TD Bank accounts ending in 2090, 2107, 2115 under the business name "Dogar Logistics Inc." and personal checking account ending in 2123 in his own name using his New Jersey issued driver's license ending in 1531 at the TD Bank branch

in Woodbridge, New Jersey.   **SINGH** listed his residence in Carteret, New Jersey, as the business address for Dogar Logistics Inc.   The New Jersey Department of the Treasury Division of Revenue and Enterprise Services Certificate of Incorporation ("PROFIT") for Dogar Logistics Inc., which was dated February 7, 2019, was provided to open the accounts.   The paperwork described the business purpose as "Trucking and logistics related business."   On February 11, 2019, Dogar Logisitcs Inc. was assigned Employer Identification Number ("EIN") 83-3519854.

  21. On April 18, 2019, **AFRIDI** opened TD Bank accounts ending in 2397, 2107, and 2404 in the name of "RSA Trucking NJ LLC" and listed a business address of 423 Green Lane, West Deptford, New Jersey, at the TD Bank West Deptford, New Jersey branch. The PROFIT paperwork, dated April 18, 2019, for RSA Trucking NJ LLC was provided, which listed the business purpose as "cargo deliveries and ground shipments movers."   The IRS EIN form for RSA Trucking NJ LLC was provided which showed the business was assigned EIN 83-4454859 on April 18, 2019.

  22. On April 19, 2019, **AFRIDI** opened TD Bank accounts ending in 1943, 2420, and 2438 in the name of "RF Fashion Collection Corp", listing a business address of 423 Green Lane, West Deptford, New Jersey, at the same TD Bank branch.   The PROFIT paperwork for RF Fashion Collection Corp, dated April 18, 2019, was provided which listed the business purpose as "online sale fashion garments and gift items."   The IRS EIN form, dated April 19, 2019, was provided which showed that RF Fashion Collection Corp was assigned EIN 83-4471741.

  23. On August 1, 2019, **AKBER** opened TD Bank accounts ending in 5243, 5251, and 5300 in the name of Malix BBQ LLC, with a business address in Elmont, NY.   The business was listed as a restaurant with **AKBER** as the organizer and sole member, and also listed an address in Hicksville, New York, associated with **AKBER**.

## Object of the Conspiracy and Scheme to Defraud

24.    It was the object of the conspiracy and scheme to defraud to batch fraudulent transactions at POS terminals so funds would be immediately available in the receiving account and then withdrawn or transferred for the purpose of obtaining money and funds from banks by fraud.

25.    It was a further object of the conspiracy and scheme to defraud to create fraudulent returns at POS terminals issued to the bank accounts of shell entities and then withdrawn or transferred for the purpose of obtaining money and funds from banks by fraud.

## Manner and Means of the Conspiracy and Scheme to Defraud

26.    It was part of the conspiracy and scheme to defraud that **AKBER, DHALIWAL, SINGH, AFRIDI,** and others known and unknown to the Grand Jury, would open and cause to be opened bank accounts in their names and in the names of shell entities.

27.    It was further part of the conspiracy and scheme to defraud that **AKBER, DHALIWAL, SINGH, AFRIDI,** and others known and unknown to the Grand Jury, would batch out fraudulent credit card transactions at POS terminals of merchants having accounts with Fiserv, TSYS, and other payment processors, which would initiate and cause to be initiated transfers and deposits of money to the bank accounts associated with the merchants.

28.    It was further part of the conspiracy and scheme to defraud that **AKBER, DHALIWAL, SINGH, AFRIDI,** and others known and unknown to the Grand Jury, would create fraudulent refund transactions at POS terminals of merchants having accounts with Fiserv, TSYS, and other payment processors, which would initiate and cause to be initiated transfers and deposits of money to the bank accounts designated to receive the refund.

29.    It was further part of the conspiracy and scheme to defraud that **AKBER,**

7

**DHALIWAL, SINGH, AFRIDI,** and others known and unknown to the Grand Jury, would then withdraw and cause to be withdrawn the unlawfully transferred funds from the bank accounts they had control over.

30.    It was further part of the conspiracy and scheme to defraud that **AKBER, DHALIWAL, SINGH, AFRIDI,** and others known and unknown to the Grand Jury, would split the proceeds of the funds they were able to withdraw.

**Fraudulent Credits and Transfers Followed by Withdrawals and Cash Advances**

31.    **DHALIWAL'S** three BB&T accounts (referenced supra at ¶ 7) carried minimal balances until on or about April 7, 2019, when all three accounts each received a series of credits of $9,000 or more from Nikki Boutique Limited.   On or about April 7, 2019, **AKBER** withdrew $803.50 from the BB&T account ending 7163 at the BB&T branch in Pikesville, MD.   On or about and between April 7 and April 8, 2019, **DHALIWAL** made three withdrawals of $5,500 each at the MGM National Harbor Casino in Forest Heights, Maryland.   All of these credits were flagged as fraudulent and eventually reversed.   The three BB&T accounts in the name of Madinafoods LLC were overdrawn by approximately $44,143.45 and were charged off by the end of April 2019.

32.    **SINGH'S** four TD Bank accounts (referenced *supra* at ¶ 20) carried minimal balances consisting of their initial deposits upon account opening (ranging from $25 to $100 each). Between April 19, 2019 and April 23, 2019, **SINGH** and others known and unknown to the Grand Jury transferred and caused to be transferred to these accounts a series of fraudulent Visa refunds from Al Madina Kabob POS terminal #460316.   The refunds totaled approximately $195,400.

33.    **SINGH** and others known and unknown to the Grand Jury issued 18 checks, ranging from $2,000 to $17,000, totaling $151,900, all dated April 19, 2019, and all returned for

insufficient funds.   Eleven of the checks were addressed to Dogar Logistics Inc., while five were addressed to Kuldeep and Mandeep Taxi Corp.

34.      **AFRIDI'S** six TD Bank accounts (referenced *supra* at ¶¶ 21, 22) carried minimal balances from their initial deposits upon account opening (ranging from $25 to $100 each). Between April 19, 2019 and April 23, 2019, **AFRIDI** and others known and unknown to the Grand Jury transferred and caused to be transferred to these accounts a series of fraudulent Visa refunds from Al Madina Kabob POS terminal #460316.   The refunds totaled approximately $581,500.

35.      **AFRIDI'S** accounts were used to issue 13 checks, ranging in amounts of $5,500 to $15,000, which totaled $151,700, all of which were dated April 19, 2019, and were returned for insufficient funds.   Five of the checks were addressed to Kuldeep and Mandeep Taxi Corp (TD Bank statements did not identify the other eight).

36.      On or about and between April 19, 2019, and April 22, 2019, **AKBER, DHALIWAL, SINGH, AFRIDI**, and others known and unknown to the Grand Jury, transferred and caused to be transferred approximately $146,000 between their own accounts and each other's accounts.   Specifically, **SINGH** transferred and caused to be transferred $103,000 between his various accounts, and $36,000 (from his 2107 account) to several of **AFRIDI'S** accounts. **AFRIDI** transferred and caused to be transferred $7,000 from his account ending in 2397 to **SINGH'S** account ending in 2107.

37.      On or about and between April 15, 2019 and April 24, 2019, **AKBER, DHALIWAL, SINGH, AFRIDI**, and others known and unknown to the Grand Jury, attempted and caused to be attempted cash advances at casinos, ATM withdrawals, checks written, and transfers between accounts (which involved various financial institutions, including, but not limited to BB&T Bank, PNC Bank, Fifth Third Bank, and Capital One Bank) from the TD Bank

accounts that had received the fraudulent refunds totaling $200,572.82, with $86,619.60 in actual withdrawals/transfers completed.

38.    On or about and between April 19, 2019 and April 23, 2019, **AKBER, DHALIWAL, SINGH, AFRIDI**, and others known and unknown to the Grand Jury, attempted and caused to be attempted cash advances at casinos, ATM withdrawals, checks written, and transfers between accounts (which involved various financial institutions, including, but not limited to BB&T Bank, PNC Bank, Fifth Third Bank, and Capital One Bank) from the TD Bank accounts that had received the fraudulent refunds totaling $282,756.92, with $152,177.02 in actual withdrawals/transfers completed.

39.    More specifically, on or about April 19, 2019, at the Horseshoe Casino in Baltimore, MD, both **AFRIDI** and **SINGH** completed a number of cash advances at the Horseshoe Casino cages, and withdrew funds from the above listed accounts at ATMs at or near Horseshoe Casino.    On or about April 19, 2019, at or near the Horseshoe Casino, **SINGH** consummated cash advances of $4,915 from each of the four accounts listed supra (ending in 2090, 2115, 2107, and 2123), as well as two ATM withdrawals of $705.99 each, for a total of $21,069.98.    On or about April 19, 2019, at or near the Horseshoe Casino, **AFRIDI** consummated six cash advances (on accounts ending in 1943, 2420, 2438, 2107, 2397, and 2404), and withdrew funds from those same accounts at ATMs at or near the Horseshoe Casino; collectively, the advances and ATM withdrawals totaled $33,425.94.

40.    From March 28, 2019 to September 26, 2019, the Wells Fargo accounts linked to the TSYS merchant ID in the name of BBQ Tonite opened by **AKBER** received a series of invalid authorization credits from that same merchant terminal, totaling $117,503.80.    A series of withdrawals amounting to several thousand dollars each took place (all of which were signed by

**DHALIWAL**), and a series of transfers between the three Wells Fargo accounts, took place shortly thereafter.    Additionally, three e-transfers from these Wells Fargo accounts totaling $10,216.97 to a Discover account in the name of **AKBER** took place from May 16, 2019 to September 18, 2019.    All three Wells Fargo accounts were closed on November 30, 2019 and were overdrawn for a combined total of -$641.64.

41.    On September 30, 2019, TSYS security flagged the merchant account in the name of Madina Foods LLC (DBA name BBQ Tonite) for "Merchant processing large transactions without valid authorizations, funds held and will be reversed."    TSYS notified **DHALIWAL** of these fraudulent transactions via letters sent to the address of BBQ Tonite.    **AKBER, DHALIWAL, SINGH, AFRIDI**, and others known and unknown to the Grand Jury, through merchant account Madina Foods LLC (DBA name BBQ Tonite) with TSYS caused TSYS to suffer loss of approximately $124,037.25.

42.    **AKBER, DHALIWAL, SINGH, AFRIDI**, and others known and unknown to the Grand Jury, caused TD Bank to charge off approximately $232,152.40 on or about and between June 19, 2019 and June 24, 2019.

18 U.S.C. § 1349

## COUNT TWO
## (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations set forth in Paragraphs 1 through 14 and 16 through 42 of Count

One of the Superseding Indictment are incorporated here.

2.      On or about and between April 7, 2019, and April 23, 2019, in the District of

Maryland, and elsewhere, the defendants,

**EMRAAN AKBER**
**a/k/a "Mani," a/k/a "Sonny Awan,"**
**a/k/a "Emraan Malik,"**
**a/k/a "Imran Akber,"**
**MAHINDERPAL DHALIWAL,**
**a/k/a "Paul Dhaliwal,"**
**DOGAR SINGH,**
**a/k/a "Chacha," and**
**REHAN AFRIDI,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a

financial institution, and to obtain monies, funds and credits of financial institutions, and under the

custody and control of financial institutions, by means of materially false and fraudulent pretenses,

representations and promises; to wit, **AKBER, DHALIWAL, SINGH, AFRIDI,** and others

known and unknown to the Grand Jury, transferred, and caused to be transferred, fraudulent Fiserv,

TSYS, and other payment processor, refunds from merchant accounts in the name BBQ Tonite,

Al Madina Kabob, and Madina Foods, LLC, which funds were then dissipated through

withdrawals at ATMs and cash advances at various casinos.

18 U.S.C. § 1344
18 U.S.C. § 2

12

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of a defendant's conviction on any of the offenses charged in Counts One and Two of this Superseding Indictment.

2.      Upon conviction of any of the offenses set forth in Counts One and Two of this Superseding Indictment, the defendants,

**EMRAAN AKBER**
**a/k/a "Mani," a/k/a "Sonny Awan,"**
**a/k/a "Emraan Malik,"**
**a/k/a "Imran Akber,"**
**MAHINDERPAL DHALIWAL,**
**a/k/a "Paul Dhaliwal,"**
**DOGAR SINGH,**
**a/k/a "Chacha," and**
**REHAN AFRIDI,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offenses.

3.      The property to be forfeited includes, but is not limited to, a money judgment equal to the value of the proceeds of the scheme to defraud each defendant obtained, which amount totals at least $232,152.40.

4.      If any of the property described above, as a result of any act or omission of **AKBER, DHALIWAL, SINGH** and **AFRIDI**:

            a.      cannot be located upon the exercise of due diligence;

            b.      has been transferred or sold to, or deposited with, a third party;

            c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided

without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United

States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. § 982(a)(2)(A)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

JONATHAN F. LENZNER
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

9/22/21

Date

SIGNATURE REDACTED

Foreperson

14